UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-22437-CV-KING

"ESOTERIC," an Oregon
Limited Liability Company,

      Plaintiff,

v.

One (1) 2000 Eighty-five foot Azimut
Motor Yacht named the M/V STAR ONE,
Including her motor, apparel, tackle, appurtenances,
etc., *in rem*, NICHOLAS ESTRELLA, her owner,
*in personam*, FEDERAL INSURANCE COMPANY,
her insurer, *in personam*,

      Defendants.

_____/

**ORDER DENYING MOTION TO DISMISS**

THIS CAUSE comes before the Court upon Defendant Federal Insurance Company's ("Federal") Motion to Dismiss and Motion to Strike (DE #3). For the reasons detailed below, the Motion is **DENIED**.

Federal's first argument is that Plaintiff did not specify the amount claimed for salvage. This argument is without merit. Local Rule E(3) only states that the amount claimed must be specified "to the extent known." The fact that Plaintiff did not specify the exact amount it should be compensated does not warrant dismissal.

Federal's second argument is that Plaintiff has failed to state a claim because the complaint did not plead success in the salvage effort and because no authority declared that the STAR ONE needed to be removed from a navigable channel. This argument is also without merit. Salvage claims under similar factual circumstances have been upheld in the past. *See*

*Cresci v. The Yacht "Billfisher"*, 874 F.2d 1550 (11th Cir. 1989). The fact that no governmental authority instructed Plaintiff to remove the vessel is immaterial to Plaintiff's claim for salvage. As such, Federal's argument on this point fails.

Finally, Federal has included a Motion to Strike portions of the Complaint. This Motion is also denied. The portions that Federal seeks to strike are relevant to the insurance relationship between the defendants, and as such are relevant to the amount of loss the insurance company avoided through Plaintiff's alleged actions. Thus, they are relevant to Plaintiff's damages.

Accordingly, after careful consideration and the Court being otherwise fully advised, it is **ORDERED, ADJUDGED,** and **DECREED** that Defendant's Motion to Dismiss and Motion to Strike (DE #3) be, and the same is hereby, **DENIED.** Defendants **shall file an answer** within fifteen (15) days from the date of this Order.

**DONE AND ORDERED** in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 29th day of September, 2009.

/s/ James Lawrence King
JAMES LAWRENCE KING
U.S. DISTRICT JUDGE

**Cc:**
**Counsel for Plaintiff**
David Paul Horan
Horan & Wallace
608 Whitehead Street
Key West, FL 33040-6549
305-294-4585
Fax: 294-7822
Email: dph@horan-wallace.com
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

**Counsel for Defendants**
Andrew Warren Anderson
Houck Anderson PA
200 S Biscayne Boulevard
Suite 300
Miami , FL 33131-5308
305-372-9044
Fax: 372-5044
Email: aanderson@houckanderson.com
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

Michelle Otero Valdes
Houck Anderson P.A.
200 S Biscayne Boulevard
Suite 300
Miami , FL 33131-2332
305-372-9044
Fax: 372-5044
Email: motero@houckanderson.com
ATTORNEY TO BE NOTICED

Ryon Lyndon Little
Houck Anderson PA
200 S Biscayne Boulevard
Suite 300
Miami , FL 33131-5308
305-372-9044
Fax: 305-372-5044
Email: rlittle@houckanderson.com
ATTORNEY TO BE NOTICED