UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE No.: 09-22437-CIV-KING/BANDSTRA

IN ADMIRALTY

ESOTERIC, LLC, an Oregon
Limited Liability Company,

    Plaintiff/Salvor,

v.

One 2000 Eighty-five foot Azimut
Motor Yacht named the M/V STAR ONE,
including her motor, apparel, tackle,
appurtenances, etc., *in rem*, NICHOLAS
ESTRELLA, her owner, *in personam*,
FEDERAL INSURANCE COMPANY,
her insurer, *in personam*,

    Defendants.                                         /

## MOTION TO STAY

COMES NOW, the Defendant, FEDERAL INSURANCE COMPANY, *in personam*, ("FEDERAL") by and through the undersigned counsel, file this, its Motion to Stay these proceedings pending the resolution of a breach of insurance contract action filed by Nicholas Estrella against FEDERAL and currently pending before this Court styled *Nicholas Estrella v. Federal Insurance Company*, Case No. 10-20938, as a determination of whether there is or is not insurance coverage is necessary before Plaintiff's action for averted liability salvage or pure salvage can be considered, in support of staying this action FEDERAL states as follows:

1.    On August 17, 2009, the Plaintiff filed its Complaint alleging, *inter alia*, that FEDERAL is liable to the Plaintiff/Salvor for salvage compensation based upon the total benefits FEDERAL has or will receive by virtue of Plaintiff's salvage service potentially allowing FEDERAL an opportunity to deny its insured, Nicholas Estrella, coverage. *See* Complaint [DE 1, ¶¶ 32-33].

2. Plaintiff's claim for averted or liability salvage is based upon the pecuniary benefit FEDERAL may receive by virtue of Plaintiff's salvage services and is a claim against the agreed hull value which is alleged to be in excess of $2 million. *Id.* at ¶¶ 31-33.

3. On the one hand, if FEDERAL is not successful in its defense of the breach of contract action currently pending before this Court, and the Court finds there is insurance coverage, then Plaintiff's cause of action with respect to averted liability salvage is moot as Plaintiff's theory can only exist if there is no insurance coverage.

4. On the other hand, if FEDERAL is successful in its breach of contract action and this Court finds that there is no insurance coverage for the loss, then Plaintiff's allegations regarding averted or liability salvage are possible as they are contingent upon a finding of no insurance coverage.

5. Thus, the question of whether there is or is not insurance coverage currently pending before this Court in the matter styled *Nicholas Estrella v. Federal Insurance Company*, Case No.: 10-20938, must necessarily be determined before this action can continue as Plaintiff's theory of liability salvage is contingent upon the question of insurance coverage.

6. Furthermore, Plaintiff's theory of averted liability salvage notwithstanding, FEDERAL is in a precarious position in its defense of Plaintiff's direct action against it for salvage in this case.

7. FEDERAL is only a party to this action as a potential insurer of M/V STAR ONE under the leading case of *Cresci v. The Yacht, "Billfisher," Official Number: 517-614*, 874 F.2d 1550 (11th Cir. 1989) and its progeny.

8.      The *Cresci* doctrine allows a salvor to file a direct action against a vessel's insurer based upon a pecuniary benefit an insurer may receive as a result of the salvage. However, an insurer can only be liable to a salvor **if there is insurance coverage**.

9.      In the case *sub judice* a determination as to whether insurance coverage exists has yet to be made.

10.     Therefore, it is unclear whether FEDERAL can be liable to the salvor under *Cresci* for pure salvage (at all) until such time a determination is made by this Court as to the existence of coverage.

11.     While a determination as to coverage must be made before a decision on FEDERAL'S liability to Plaintiff (for each of its causes of action) in this case can occur, FEDERAL maintains its previously stated position as to whether the coverage case could have been properly claimed in this salvage action under Fed. R. Civ. P. 13(g) as the operative facts giving rise to the salvage and coverage case are separate and distinct. *See e.g.,* Federal's Response in Opposition to Defendant's Motion for Leave to File Crossclaim [D.E. 47].

12.     The stay requested herein is in the best interests of judicial economy as the Court will not have to waste resources in determining Plaintiff's ability to advance its theory of averted liability or pure salvage which may become moot pending the outcome of the coverage action.

## MEMORANDUM OF LAW

"It is well established that district courts have inherent authority to issue stays in many circumstances." *Trembath v. Meritplan Ins. Co.*, 2009 WL 2147112 (M.D. Fla. 2009)(citing *Ortega Trujillo v. Conover & Co. Comms. Inc.*, 221 F.3d 1262, 1264 (11th Cir.2000); *see also Advanced Bodycare Solutions, LLC v. Thione Intern., Inc.*, 524 F.3d 1235, 1241 (11th Cir.2009). A district court "enjoys broad discretion in deciding how best to manage the cases before it."

3

*Galligan v. Raytheon Co.*, 2010 WL 415312 (M.D. Fla. 2010)(quoting *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir.1997); s*ee also Danner Const. Co., Inc. v. Hillsborough County*, 2009 WL 3055315 (M.D. Fla. 2009).

Here, FEDERAL requests this Court to utilize its inherent discretion and power to manage cases in favor of judicial economy and to avoid unnecessary litigation expenses by all interested parties. A determination as to the existence of insurance coverage in the first instance will afford the parties an opportunity to narrow the issues before this Court and, as set forth above, is necessary to determine Plaintiff's ability to proceed against FEDERAL under its various theories of liability.

## LOCAL RULE 7.1.A. CERTIFICATION

I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues raised herein. Plaintiff advised it does not oppose a Stay of these proceedings so long as the Stay does not affect the trial date. Defendant, Nicholas Estrella, declined to take a position with respect to the relief sought herein. Although Plaintiff's counsel agreed to stay these proceedings the instant Motion has been filed in the event the stay does, in fact, effect the September 2010 trial date.

WHEREFORE, Defendant, FEDERAL INSURANCE COMPANY, respectfully requests this Honorable Court enter an order staying this action until such time that a determination as to whether there is of is not insurance coverage under a policy of marine insurance issued by FEDERAL INSURANCE COMPANY to Nicholas Estrella and currently pending before the Court in a related matter is made and for such other and further relief as this Honorable Court deems just and appropriate under the circumstances.

HOUCK ANDERSON, ATTORNEYS AT LAW

CASE NO.: 09-22437-CIV-KING/BANDSTRA

Respectfully submitted,

___/s/ Charles S. Davant_____
ANDREW W. ANDERSON, ESQ.
Fla. Bar. No. 213144
CHARLES S. DAVANT, ESQ.
Fla. Bar No. 15178
HOUCK ANDERSON P.A.
*Counsel for Defendant, Federal Insurance Co.*
1500 Cordova Road, Suite 300
Ft. Lauderdale, Florida 33316
Telephone:  (305) 372-9044/(954) 522-0274
Telefax:  (954) 463-8752
aanderson@houckanderson.com
cdavant@houckanderson.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY**, that a true and correct copy of the foregoing was furnished by U.S. mail or electronic notices pursuant to CM/ECF to the below service list, this 7th day of June, 2010.

___/s/ Charles S. Davant_____
CHARLES S. DAVANT, ESQ.

HOUCK ANDERSON, ATTORNEYS AT LAW

CASE NO.: 09-22437-CIV-KING/BANDSTRA

## SERVICE LIST

| | | |
|---|---|---|
| ESOTERIC, LLC, and Oregon Limited Liability Company, | v. | One 2000 Eighty-five foot Azimut Motor Yacht named the M/V STAR ONE, including her motor, apparel, tackle, appurtences, etc., *in rem*, NICHOLAS ESTRELLA, her owner, *in personam*, FEDERAL INSURANCE COMPANY, her insurer, in personam, |
| Plaintiff/Salvor, | | |
| | | Defendants. |

CASE No.: 09-CIV-22437 KING

IN ADMIRALTY

All of the below are being served using CM/ECF or by U.S. Mail:

**Attorneys for Plaintiff**
DAVID P. HORAN, ESQ.
Fla. Bar. No. 142474
HORAN, WALLACE & HIGGINS, LLP
608 Whitehead Street
Key West, Florida  33040
(305) 294-4585 Telephone
(305) 294-7822 Facsimile
hhw608@hotmail.com

**Attorneys for Defendant FEDERAL**
ANDREW W. ANDERSON, ESQ.
Fla. Bar. No. 213144
MICHELLE OTERO VALDÉS, ESQ.
Fla. Bar No.: 14990
CHARLES S. DAVANT, ESQ..
Fla. Bar No.: 15178
HOUCK ANDERSON P.A.
1500 Cordova Road, Suite 300
Ft. Lauderdale, Florida   33316
Telephone:  (305) 372-9044
Telefax:  (954) 463-8752
aanderson@houckanderson.com
motero@houckanderson.com
cdavant@houckanderson.com

**Attorney for Nicolas Estrella**
ROBERT K. BURLINGTON, ESQ.
Fla. Bar. No. 261882
COFFEY BURLINGTON
2699 S Bayshore Drive
Miami , Florida  33133
(305) 858-2900 Telephone
(305) 858-5261 Facsimile
rburlington@coffeyburlington.com