IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-CV-22437-KING/BANDSTRA

KEY WEST DIVISION
*IN ADMIRALTY*

ESOTERIC, LLC an Oregon
Limited Liability Company,

        Plaintiff/Salvor,

v.

One (1) 2000 Eighty-five Foot Azimut Motor Yacht
Named M/V "STAR ONE", her engines, tenders,
Tackle, equipment, furnishings and appurtenances,
*In Rem* and NICHOLAS ESTRELLA, her owner and
Federal Insurance Company, her insurer, *In Personam*,

        Defendants.
_____/

## OPPOSITION TO FEDERAL'S JUNE 7, 2010 MOTION TO STAY

The Plaintiff/Salvor ESOTERIC, LLD (Esoteric) objects to any delay of these proceedings based upon the March 25, 2010 Breach of Insurance Contract action filed by Nicholas Estrella (Estrella) against Federal Insurance Company (Federal), Case No. 10-20938. Esoteric's salvage action has been set for trial since the Court's October 15, 2009 Scheduling Order (DE 14). Discovery closed June 2, 2010 and all Motions had to be filed prior to June 7, 2010. (DE 14, page 3). The liability for Esoteric's voluntary salvage services and the amount to be paid for Esoteric's pure salvage services is at issue and ready for trial. The post casualty value of the M/V STAR ONE continues to decline due to the complete failure to conserve/stabilize the vessel. Nicholas Estrella is the

present owner of the M/V STAR ONE and at some point in the "distant?" future Federal may or may not be subrogated to Estrella's title. Esoteric's salvage action does not interfere with the Court's decision on insurance coverage.

As to the "800 lb. gorilla" in this litigation, the issue of the *Cresci Doctrine* has been before this Court since Federal's September 24, 2009 Motion to Dismiss/Motion to Strike (DE 3). The Court's Order denying Federal's Motions (DE 8) specifically held that the "insurance relationship" between the Defendants is relevant to Plaintiff's claims. In its Motion to Stay, Federal actually argues that . . . "the operative facts giving rise to the salvage and coverage case are separate and distinct" (DE 58, page 3). Federal then argues that Esoteric's salvage action (filed August 17, 2009) should be stayed pending resolution of a "separate and distinct" case (filed March 25, 2010).

## CONCLUSION

Esoteric's award for voluntary salvage of the M/V STAR ONE is at issue and ready for the trial set for September 1, 2010. (DE 14) The issue of whether Federal avoids any or all liability to its insured Estrella will determine whether Esoteric will receive any of the pecuniary benefit that may be realized by Federal. The Court can easily answer the question of liability, but the amount will have to await determination of the coverage issues. The simplest way to proceed would be for the Court to bifurcate the pure voluntary salvage from the insurance coverage issues. If the Court found that *Cresci v. The Yacht "Billfisher"*, 874 F. 2d 1550 (11th Cir. 1989) is inapplicable and that Esoteric has no claim relevant to the amount of loss Federal may avoid through Esoteric's

actions, then the outcome of the new coverage litigation is irrelevant. No stay should be allowed.

                    Respectfully submitted,

                    HORAN, WALLACE & HIGGINS, LLP
                    608 Whitehead Street
                    Key West, Florida 33040
                    Telephone (305) 294-4585
                    Facsimile (305) 294-7822

                    _____
                    DAVID PAUL HORAN
                    Fla Bar No. 142474
                    For the Firm

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of the court using CM/ECF. I also certify that the foregoing document was served on the above date on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by M/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing, on this 14\_\_ day of June 2010.

                    _____
                    DAVID PAUL HORAN, Esq.

## SERVICE LIST

Charles S. Davant
Andrew W. Anderson
Houck Anderson, P.A.
200 South Biscayne Blvd.
Suite 300
Miami, Florida 33131-2332
rlittle@houckanderson.com
motero@houcanderson.com
aanderson@houckanderson.com


Robert Burlington
Coffey Burlington
Office In The Grove, Penthouse
2699 South Bayshore Drive
Miami, Florida 33133
rburlington@coffeyburlington.com