UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE No.: 09-22437-CIV-KING/BANDSTRA

IN ADMIRALTY

ESOTERIC, LLC, an Oregon
Limited Liability Company,

    Plaintiff/Salvor,

v.

One 2000 Eighty-five foot Azimut
Motor Yacht named the M/V STAR ONE,
including her motor, apparel, tackle,
appurtenances, etc., *in rem*, NICHOLAS
ESTRELLA, her owner, *in personam*,
FEDERAL INSURANCE COMPANY,
her insurer, *in personam*,

    Defendants.                              /

## REPLY IN SUPPORT OF FEDERAL'S MOTION TO STAY

COMES NOW, the Defendant, FEDERAL INSURANCE COMPANY, *in personam*, ("FEDERAL") by and through the undersigned counsel, files this, its Reply in support of its Motion to Stay [D.E. 58], and in further support of its Motion to Stay states as follows:

**I.    INTRODUCTION**

FEDERAL'S Motion to Stay must be granted as a determination as to whether there is or is not insurance coverage is necessary before either of Plaintiff's theories of liability as to FEDERAL can be advanced in this Court – a fact which Plaintiff readily admits in its Response in Opposition to FEDERAL'S Motion to Stay [D.E. 60]. In its conclusion paragraph, Plaintiff states: "[t]he issue of whether Federal avoids any or all liability to its insured Estrella will determine whether Esoteric will receive any of the pecuniary benefit that may be realized by Federal." The issue of whether Federal "avoids" liability to its insured is the insurance coverage case pending before this Court styled *Nicholas Estrella v. Federal Insurance Company*, Case No.

10-20938.  Therefore, by Plaintiff's own admission this action should be stayed as its theories of recovery form Federal are contingent upon the outcome of the coverage case.

## II.     ARGUMENT

Plaintiff's action for salvage centers around two alternative theories of liability against FEDERAL.  First, Plaintiff has asserted a direct action against FEDERAL as the insurer of the M/V "STAR ONE", for alleged performing voluntary salvage services rendered to "STAR ONE".  This theory has been recognized under the seminal case of *Cresci v. The Yacht, "Billfisher," Official Number: 517-614*, 874 F.2d 1550 (11th Cir. 1989) and its progeny.  Under this theory, Plaintiff can only collect from FEDERAL in the event that there **is** insurance coverage for "STAR ONE" (a fact which is undisputed in Plaintiff's Response).

Alternatively, Plaintiff also seeks recovery from FEDERAL for FEDERAL'S potential ability to avoid liability to its insured (vis-à-vis a determination of **no** insurance coverage), ESTRELLA (as owner of "STAR ONE"), by virtue of Plaintiff's salvage actions.  As set forth at length in FEDERAL'S prior pleadings, such a theory of averted or liability salvage has yet to be recognized by any court of competent jurisdiction in the United States and the law is unchanged since its February 11, 2010 filing.  *See* Federal's Response in Opposition to Plaintiff's Motion for Delcaratory Judgment as to Averted Liability [D.E. 36].  In fact, this Court has specifically rejected such a theory.  *See Fine v. Rockwood*, 895 F. Supp. 306 (S.D. Fla. 1995)(rejecting averted liability salvage in absence of environmental preservation).

In any event, in order for Plaintiff's wild theory of averted liability to even be considered, there must be a determination (also a fact which is undisputed in Plaintiff's response) there is **no** insurance coverage.  *See* Response [D.E. 60, p. 2].  If there is coverage, then Plaintiff's averted liability theory fails.  If there is not coverage, then Plaintiff's pure salvage theory fails.

Therefore, Plaintiff's alternative theories of liability against FEDERAL are contingent upon a coverage determination and it is in the best interests of judicial economy and expediency to stay this action until such time that a determination as to coverage is made.

Plaintiff's attempt to convince this Court the issue of whether *Cresci*, is or is not applicable to this case has already been decided is a red herring. This Court's September 29, 2009 Order merely cited *Cresci* for support in denying FEDERAL'S Motion to Dismiss (an entirely different legal standard) on the grounds Plaintiff failed to plead success or a declaration from a government agency that STAR ONE needed to be removed. *See* Order [D.E. 8, pp. 1-2]. Moreover, FEDERAL has never disputed the application of *Cresci* in this action as it relates to Plaintiff's pure salvage theory alone. FEDERAL'S gripe is with Plaintiff's attempt to stretch *Cresci* and its progeny beyond all bounds of reasonable interpretation – an issue which has yet to be decided by this Court (and will never have to be decided in the event there is insurance coverage). For the sake of brevity, FEDERAL will not re-brief such issues until such time it is afforded an opportunity to present this Court with a proper Motion at a time when such a theory is not contingent upon the outcome of a different action.

Finally, Plaintiff's suggestion as to bifurcation of this matter, respectfully, misses the point and basis for FEDERAL's Motion to Stay in the first instance. FEDERAL trusts this Court is now well-versed on such matters and respectfully requests this Honorable Court to Stay this action pending the outcome of the coverage case.

### III. CONCLUSION

For the reasons set forth herein, a Motion to Stay Plaintiff's alternative theories against FEDERAL INSURANCE COMPANY is necessary to advance judicial expediency and economy

and to avoid unnecessary litigation expenses incurred as a result of litigating matters which clearly will not be able to be advanced once a determination as to coverage is made.

WHEREFORE, the Defendant, FEDERAL INSURANCE COMPANY, respectfully requests this Honorable Court to enter an Order granting its Motion to Stay [D.E. 58] and staying this action until such time a determination as to the existence of insurance coverage for M/V "STAR ONE" is made and for other and further relief as this Honorable Court deems just and appropriate under the circumstances.

Respectfully submitted,

   */s/ Charles S. Davant*
ANDREW W. ANDERSON, ESQ.
Fla. Bar. No. 213144
CHARLES S. DAVANT, ESQ.
Fla. Bar No. 15178
HOUCK ANDERSON P.A.
*Counsel for Defendant, Federal Insurance Co.*
1500 Cordova Road, Suite 300
Ft. Lauderdale, Florida 33316
Telephone:  (305) 372-9044/(954) 522-0274
Telefax:  (954) 463-8752
aanderson@houckanderson.com
cdavant@houckanderson.com

CASE NO.: 09-22437-CIV-KING/BANDSTRA

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that a true and correct copy of the foregoing was furnished by U.S. mail or electronic notices pursuant to CM/ECF to the below service list, this 18th day of June, 2010.

　　　　　　　　　　　　　　　　　　　　　　　_/s/ Charles S. Davant_____
　　　　　　　　　　　　　　　　　　　　　　　CHARLES S. DAVANT, ESQ.

## SERVICE LIST

ESOTERIC, LLC, and Oregon Limited Liability Company,

　　　Plaintiff/Salvor,

v.   One 2000 Eighty-five foot Azimut Motor Yacht named the M/V STAR ONE, including her motor, apparel, tackle, appurtences, etc., *in rem*, NICHOLAS ESTRELLA, her owner, *in personam*, FEDERAL INSURANCE COMPANY, her insurer, in personam,

　　　Defendants.

CASE No.: 09-CIV-22437 KING

IN ADMIRALTY

All of the below are being served using CM/ECF or by U.S. Mail:

**Attorneys for Plaintiff**
DAVID P. HORAN, ESQ.
Fla. Bar. No. 142474
HORAN, WALLACE & HIGGINS, LLP
608 Whitehead Street
Key West, Florida  33040
(305) 294-4585 Telephone
(305) 294-7822 Facsimile
hhw608@hotmail.com

**Attorneys for Defendant FEDERAL**
ANDREW W. ANDERSON, ESQ.
Fla. Bar. No. 213144
MICHELLE OTERO VALDÉS, ESQ.
Fla. Bar No.: 14990
CHARLES S. DAVANT, ESQ..
Fla. Bar No.: 15178
HOUCK ANDERSON P.A.
1500 Cordova Road, Suite 300
Ft. Lauderdale, Florida   33316
Telephone:  (305) 372-9044
Telefax:  (954) 463-8752
aanderson@houckanderson.com
motero@houckanderson.com
cdavant@houckanderson.com

5

CASE NO.: 09-22437-CIV-KING/BANDSTRA

**Attorney for Nicolas Estrella**
ROBERT K. BURLINGTON, ESQ.
Fla. Bar. No. 261882
COFFEY BURLINGTON
2699 S Bayshore Drive
Miami , Florida  33133
(305) 858-2900 Telephone
(305) 858-5261 Facsimile
rburlington@coffeyburlington.com