UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-22437-CV-KING

"ESOTERIC," an Oregon
Limited Liability Company,

    Plaintiff,

v.

One (1) 2000 Eighty-five foot Azimut
Motor Yacht named the M/V STAR ONE,
Including her motor, apparel, tackle, appurtenances,
etc., *in rem*, NICHOLAS ESTRELLA, her owner,
*in personam*, FEDERAL INSURANCE COMPANY,
her insurer, *in personam*,

    Defendants.
_____/

**ORDER ON FEDERAL'S MOTION TO STAY**

THIS CAUSE comes before the Court upon Defendant Federal Insurance Company's ("Federal") Motion to Stay (DE #58). Plaintiff has filed a Response (DE #60), and Federal has replied (DE #62). Defendant Nicholas Estrella has not filed anything in connection with this motion.

This case began as a simple maritime salvage action. However, it soon became complicated by two facts: 1) Plaintiff has asserted claims against both the boat's owner (Estrella) and the boat's insurer (Federal); and 2) a dispute has developed between Estrella and Federal regarding insurance coverage for the loss of the boat. Regarding the latter development, Estrella initially sought the Court's permission to add a cross-claim against Federal, claiming that Federal was refusing to process Estrella's insurance claim for theft of the boat. The Court denied that motion, finding that the salvage action was unrelated to the insurance claim. Estrella then filed a

new case against Federal (Case No. 10-20938), making the same allegations. That action was subsequently transferred to the undersigned, and Federal has asserted a counterclaim seeking a declaratory judgment that it does not have to honor its insurance contract because Estrella intentionally scuttled the boat.

Federal then filed the instant Motion to Stay, arguing that, because Federal's liability to Plaintiff depends upon the existence of insurance coverage for the boat's loss, a coverage determination in case number 10-20938 must be made before the salvage action can proceed. Therefore, Federal asks to stay this action until a coverage determination is made. Plaintiff, on the other hand, argues that the coverage issue is irrelevant to the salvage case, and asks that the case proceed so that a salvage award can be determined.

Initially, while Federal reserves the right to assert any proper defenses, both parties agree that the Eleventh Circuit has recognized that a salvor may have a cause of action against a boat's insurer based upon the pecuniary benefit that accrued to insurer by virtue of the savlor's actions. *See Cresci v. The Yacht "Billfisher"*, 874 F.2d 1550, 1551 (11th Cir. 1989); *Blue Water Marine Servs., Inc. v. M/Y Natalita III*, 2009 U.S. App LEXIS 29119, *11-12 (11th Cir. Sept. 8, 2009). Therefore, Plaintiff may properly maintain an action against Federal. However, as Federal correctly points out, a cause of action under this theory depends upon the existence of a valid insurance contract that obligates Federal to pay for the boat's loss or damage.

Thus, in an effort to devise a fair and equitable resolution, and balancing Plaintiff's interest in proceeding with this action and Federal's interest in an efficient determination of its responsibilities, it is **ORDERED, ADJUDGED, and DECREED** as follows:

1. Federal's Motion to Stay (DE #58) is hereby **GRANTED in PART**. This case is hereby STAYED as to Defendant Federal Insurance Company ONLY, and will proceed against

Defendant Nicholas Estrella and the M/V Star One, *in rem*. After a coverage determination is made, the parties shall notify this Court so that this case can resume against Federal, or other appropriate action can be taken.

2.  Federal's Motion for Enlargement of Time (DE #59) is hereby **DENIED as MOOT**.

**DONE AND ORDERED** in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 24th day of June, 2010.

JAMES LAWRENCE KING
U.S. DISTRICT JUDGE

**Cc:**
**Counsel for Plaintiff**
David Paul Horan
Horan & Wallace
608 Whitehead Street
Key West , FL 33040-6549
305-294-4585
Fax: 294-7822
Email: dph@horan-wallace.com
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

**Counsel for Defendants**
Robert Kent Burlington
Coffey Burlington
2699 S Bayshore Drive
Penthouse
Miami, FL 33133

3

305-858-2900
Fax: 858-5261
Email: rburlington@coffeyburlington.com
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

Andrew Warren Anderson
Houck Anderson PA
200 S Biscayne Boulevard
Suite 300
Miami , FL 33131-5308
305-372-9044
Fax: 372-5044
Email: aanderson@houckanderson.com
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

Michelle Otero Valdes
Houck Anderson P.A.
200 S Biscayne Boulevard
Suite 300
Miami , FL 33131-2332
305-372-9044
Fax: 372-5044
Email: motero@houckanderson.com
ATTORNEY TO BE NOTICED

Ryon Lyndon Little
Houck Anderson PA
200 S Biscayne Boulevard
Suite 300
Miami , FL 33131-5308
305-372-9044
Fax: 305-372-5044
Email: rlittle@houckanderson.com
ATTORNEY TO BE NOTICED